UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| SYLVAN L. GODFREY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:20-CV-03017-RAL<br><br>ORDER SCREENING § 2255 MOTION, DIRECTING SERVICE, AND REGARDING ATTORNEY-CLIENT PRIVILEGE WAIVER |

Petitioner Sylvan L. Godfrey filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Doc. 1. A jury convicted Godfrey of one count of aggravated sexual abuse of a child in U.S. v. Godfrey, 13-CR-30118. The United States Court of Appeals for the Eighth Circuit affirmed the conviction. Godfrey is now in federal custody. At trial, Criminal Justice Act panel attorney Wade A. Reimers represented Godfrey. In his motion, Godfrey asserts that Reimers provided ineffective assistance of counsel. This Court has reviewed Godfrey's petition and cannot conclude at this time that "the files and records of the case conclusively show that the prisoner is entitled to no relief" under 28 U.S.C. § 2255(b). Therefore, this Court will direct that service of the petition occur.

Godfrey's petition raises ineffective assistance of trial counsel. The United States Court of Appeals for the Eighth Circuit has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's conduct and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974); see also

1

Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). American Bar Association Model Rule of Professional Conduct 1.6 also recognizes that a disclosure of information may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client. The ABA has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised proceedings." ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010).

In consideration of the allegations set forth in Godfrey's 28 U.S.C. § 2255 motion, this Court has determined that the United States cannot respond to the allegations of ineffective assistance of counsel without attorney Reimers responding by affidavit to the specific allegations in the motion concerning his representation of Godfrey. This Court has further determined that if Godfrey opposes the waiver of the attorney-client privilege as it relates to the specific allegations in his § 2255 motion, those allegations will be stricken from his § 2255 motion. Accordingly, it is hereby

ORDERED that service of the petition occur on the United States Attorney for the District of South Dakota under 28 U.S.C. § 2255(b). It is further

ORDERED that the Clerk of Court send this Order and the attached Attorney-Client Privilege Waiver form to Godfrey. It is further

ORDERED that if the Attorney-Client Privilege Waiver form is not signed and returned to this Court within 30 days, the allegations of ineffective assistance of counsel will be stricken from Godfrey's § 2255 motion. It is further

ORDERED that the United States shall have an extension to answer Godfrey's motion under 28 U.S.C. § 2255 until twenty-one (21) days after either attorney Reimers furnishes an affidavit or the ineffective assistance claims are dismissed for Godfrey's refusal to waive the attorney-client privilege. It is finally

ORDERED that Godfrey shall have twenty-one (21) days after receipt of the United States' answer to file his reply.

DATED this 25th day of January, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

## ATTORNEY-CLIENT PRIVILEGE WAIVER

You have made a motion under 28 U.S.C. § 2255 alleging that you received ineffective assistance From your former lawyer, Wade A. Reimers. The court has reviewed your motion and determined that an affidavit from your former lawyer concerning the specific allegations in your motion is necessary in order to evaluate your motions.

The American Bar Association advises your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement. As a matter of law, you have waived the attorney-client privilege regarding the allegations of ineffective assistance of counsel in your motion. This means that if you wish to proceed on your claims of ineffective assistance, you must allow your communications with your formal counsel concerning the specific claims to be disclosed to the United States and to the court.

If you wish to proceed with your claims of ineffective assistance of counsel as set forth in your § 2255 motion, you must sign this form and return it to the court. The form authorizes your attorney to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by your § 2255 motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about his representation of you. However, you should also know that the court will strike the ineffective assistance of counsel claims in your motion if you do not authorize your attorney to give an affidavit in response to the ineffective assistance claims.

You must return this form within thirty (30) days from the date of the court's order directing the Clerk of Court to mail this waiver to you or the allegations of ineffective assistance of counsel will be stricken from your motion under 28 U.S.C. § 2255.

## AUTHORIZATION

I have read the document entitled "Attorney-Client Privilege Waiver." I hereby authorize my former attorney, Wade A. Reimers, to disclose information about confidential work product communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by my motion under 28 U.S.C. § 2255.

Dated this \_\_\_\_\_ day of _____, 2021.

_____
Sylvan L. Godfrey, Petitioner