UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| SYLVAN L. GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 3:20-CV-03017-RAL<br><br>OPINION AND ORDER GRANTING MOTION TO DISMISS |

Petitioner, Sylvan L. Godfrey, filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1. Godfrey asserts claims of ineffective assistance of counsel, among others. Id. at 1-2, 4-6. An Order was issued directing the service of the petition on the United States. Doc. 3 at 2-3. The United States filed a motion to dismiss Godfrey's § 2255 motion for failure to state a claim. Doc. 7. This Court directed Godfrey to file a response to the motion to dismiss by April 20, 2021. Doc. 9. On April 26, 2021, two documents from Godfrey were filed. Docs. 10, 11. The first asserted "newly discovered evidence" (Doc.10), and the second requested a new trial (Doc. 11). For the following reasons, the United States' motion to dismiss is granted.

## DISCUSSION

The United States asserts that Godfrey's § 2255 motion must be dismissed for two threshold reasons. Docs. 7, 8. First, the United States explains that Godfrey has filed two previous § 2255 motions and has not obtained a certification from the courts of appeals to pursue this successive habeas motion. Doc. 8 at 1-3. Second, the United States argues that even if Godfrey had received the necessary approval, he has not presented newly discovered evidence that is sufficient to warrant relief under 28 U.S.C. § 2255(h)(1), nor does a new rule of constitutional law

apply that warrants relief under 28 U.S.C. § 2255(h)(2). Id. This Court agrees Godfrey is not entitled to bring a successive § 2255 motion and the claim must be dismissed.

The United States' brief set out the procedural background for Godfrey's criminal conviction and prior attempts at habeas relief. See Doc. 8. This Court restates that background in brief. Godfrey was convicted of aggravated sexual abuse of a child after a jury trial. See United States v. Godfrey, Case #: 3:13-CR-30118-01-RAL (DSD) at Doc. 67. On August 11, 2014, this Court sentenced Godfrey to 360 months imprisonment. Id. at Doc. 78. The United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence on May 4, 2015. See id. at Docs. 98, 99, 101, 102.

On July 5, 2016, Godfrey filed his first motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See Godfrey v. United States, Case #: 3:16-CV-03030-RAL (DSD) at Doc. 1. This Court dismissed Godfrey's first petition on September 2, 2016. Id. at Docs. 10, 11. Godfrey filed a notice of appeal to the Eighth Circuit. Id. at Docs. 14, 15. Thereafter, Godfrey sought to obtain a certificate of appealability that was denied by this Court. Id. at Docs. 20, 21. The Eighth Circuit also denied a certificate of appealability and, thereafter, dismissed Godfrey's appeal on June 1, 2017. See id. at Doc. 27. Godfrey next filed a second § 2255 motion directly with the Eighth Circuit in May 2020. See Godfrey v. United States, Case #: 3:20-CV-03017 at Doc. 8 at 2. The Eighth Circuit denied relief and issued a mandate in August 2020. Id.

Undeterred, on September 28, 2020, Godfrey filed the instant petition under 28 U.S.C. § 2255 with this Court raising claims that his trial counsel was deficient, his case should have been presented before the tribal court, and exculpatory witnesses were improperly excluded from trial. Godfrey v. United States, 3:20-CV-03017-RAL (DSD) at Doc. 1.

To proceed with a second or successive motion to vacate, set aside or correct the sentence

2

under 28 U.S.C. § 2255, a prisoner must obtain authorization from a higher court than this one. Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Section 2244 sets forth the procedure to obtain a certification authorizing a second or successive habeas motion from the appropriate court of appeals. Id. § 2244(b)(3)(A)–(E). Godfrey has not obtained the required authorization from the Eighth Circuit to pursue a successive habeas motion. Thus, the instant § 2255 motion must be dismissed.

To the extent Godfrey has filed motions asserting newly discovered evidence, Doc. 10, and requesting a new trial, Doc. 11, those too are properly construed as successive habeas motions and must be dismissed. See United States v. Lee, 792 F.3d 1021, 1023–24 (8th Cir. 2015) (concluding that Rule 60(b) motion was properly treated as a successive habeas petition and dismissed for failure to obtain authorization by court of appeals).

## CONCLUSION

Therefore, it is hereby

ORDERED that Respondent's motion to dismiss, Doc. 7, is granted. It is further

ORDERED that Petitioner's motion for relief under 28 U.S.C. § 2255, Doc. 1, motion asserting newly discovered evidence, Doc. 10, and motion for new trial, Doc. 11, are denied for failure to obtain an order from the court of appeals authorizing a successive habeas motion.

3

Dated May 10, 2021.

                    BY THE COURT:

                    _____
                    ROBERTO A. LANGE
                    CHIEF JUDGE